# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1999 SESSION

FILED

June 10, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. 03C01-9808-CC-00298 |
| | ) | BLOUNT COUNTY CIRCUIT |
| | ) | |
| Appellee, | ) | Hon. D. Kelly Thomas, Jr., |
| | ) | Judge |
| | ) | |
| | ) | |
| vs. | ) | (SENTENCING) |
| | ) | NO. C-10602, 10603 |
| | ) | |
| THOMAS I. FREEMAN, JR., | ) | |
| | ) | |
| Appellant. | ) | |

**FOR THE APPELLANT:**

MACK GARNER
District Public Defender
419 High Street
Maryville, TN 37804

**FOR THE APPELLEE:**

PAUL G. SUMMERS
Attorney General & Reporter

TODD R. KELLEY
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Bldg.
Nashville, TN 37243

MICHAEL L. FLYNN
District Attorney General

KIRK ANDREWS
Assistant District Attorney
363 Court Square
Maryville, TN 37804

OPINION FILED:_____

AFFIRMED

CORNELIA A. CLARK
Special Judge

The appellant, Thomas I. Freeman, Jr., appeals as of right the sentencing decision of the Blount County Circuit Court. The appellant pled guilty to one count of aggravated burglary, a Class C felony, and one count of theft under $500.00, a Class A misdemeanor. The length and manner of service of sentence were determined by the trial court at a sentencing hearing. The court sentenced the appellant to four years six months for aggravated burglary and eleven months twenty-nine days at 70% for theft. The sentences were run concurrently. The appellant was required to serve one year in the county jail followed by three years six months of supervised probation, including one year of intensive probation. After a review of the record, we affirm the judgment of the trial court.

The appellant has a long history of drinking and marijuana usage. According to appellant, on July 1, 1997, he was at the home of Tony McCormick and his wife. The three individuals drank a case and a half of beer and smoked "quite a bit" of marijuana. At approximately 2:00 or 3:00 a.m. they ran out of beer and marijuana. Tony McCormick suggested that they break into the house owned by his next-door neighbor. The two men went to the house, got in through an unlocked window, and took a television and a radio. They took these items to a man named John, sold them, and used the fifty dollars they received to buy more beer and marijuana. They then drank the beer and smoked the marijuana. McCormick was not prosecuted for the offense.

Review by this court of the length, range, or manner of service of a sentence is de novo with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. §40-35-401(d). This presumption only applies, however, if the record demonstrates that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W. 2d 166, 169 (Tenn. 1991). In the case before us, the trial court correctly applied those principles. Thus, the presumption applies.

In making our review, this court must consider the following: the evidence, if any, received at the trial and the sentencing hearing; the information contained in the pre-sentence report; the arguments of counsel; the nature and characteristics of the offense; any mitigating or enhancement factors; the appellant's statements; and the

2

appellant's potential or lack of potential for rehabilitation. Tenn. Code Ann. §§40-35-102-103(5), -210(b); See also State v. Byrd, 861 S.W. 2d, 377, 379

(Tenn. Crim. App. 1993). The burden is on the appellant to show that the sentence imposed was improper. Sentencing Commission Comments, Tenn. Code Ann. §40-35-401(d).

Appellant first challenges the length of his sentence for aggravated burglary, a Class C felony.[1] He was a Range I offender and thus, was subject to a minimum sentence of three years and a maximum sentence of six years. The trial court found that two enhancement factors existed: (1) the appellant has a previous history of criminal convictions or criminal behavior, Tenn. Code Ann. §40-35-114(1); and, (2) the appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community, Tenn. Code Ann. §40-35-114(8). The appellant had previously been convicted of a weapons offense, disorderly conduct, assault, public intoxication, and shoplifting. He also admitted that he knowingly violated the probation imposed in a previous sentence by smoking marijuana, and that he continues to smoke marijuana, even since the entry of his plea of guilty. He failed a drug screen conducted between the entry of his plea and the date of his sentencing hearing, while he remained free on bond.

Both enhancement factors have been appropriately applied in this case. Having found the existence of two enhancement factors and no mitigating factors the trial court's imposition of a sentence of four years, six months, is justified.

The appellant also contends that the trial court erroneously required him to serve a portion of his sentence in confinement. The determination of whether the appellant is entitled to an alternative sentence and whether the appellant is entitled to complete probation are different inquiries and require different burdens of proof. State v. Boggs, 932 S.W. 2d 467, 477 (Tenn. Crim. App. 1996). Thus, even though the appellant, a Class C felony offender, is presumed to be a favorable candidate for alternative sentencing, Tenn. Code Ann. §40-35-102(6), he has the burden of establishing his suitability for total probation. Tenn. Code Ann. §40-35-303(b). To

meet that burden the appellant must establish that probation will "subserve the ends of justice and the best interest of both the public and the appellant." State v.

---

[1] The appellant's brief does not address the length of his sentence for the misdemeanor offense of theft under $500. Since that sentence was run concurrent to the felony sentence, and since no argument about it has been made, the court assumes no appeal of this sentence is being raised. In any event, for the same reasons discussed above, the sentence is justified.

Bingham, 910 S.W. 2d 448, 456 (Tenn. Crim. App. 1995)(quoting State v. Dykes, 803 S.W. 2d 250, 259 (Tenn. Crim. App. 1990)).

In determining one's suitability for probation the court may consider the circumstances of the offense, the appellant's potential or lack of potential for rehabilitation, whether full probation will unduly depreciate the seriousness of the offense, and whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes.  Tenn. Code Ann. §40-35-210(b)(4), -103(5), -103(1)(B);  Bingham, 910 S.W. 2d at 456 (citations omitted).

The trial court found that incarceration was necessary in this case to avoid depreciating the seriousness of this offense, which involved an evening drinking beer and smoking marijuana. The appellant broke into a home at about 3:00 a.m.  He and a friend took a television and radio from the house and sold the merchandise, using the money to buy more beer and marijuana.  The court noted that the appellant has a prior history of criminal conduct, including assaultive and weapons offenses.  He also evidenced a lack of potential for rehabilitation by his continued drug use, even since his guilty plea, and his spotty work history.  We conclude that the appellant has failed to establish his entitlement to total probation.

Accordingly, the judgment of the trial court is affirmed.

_____
CORNELIA A. CLARK
SPECIAL JUDGE


_____
GARY R. WADE
JUDGE


_____
NORMA M. OGLE
JUDGE

4


**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

AT KNOXVILLE

MARCH 1999 SESSION

STATE OF TENNESSEE )      C.C.A. 03C01-9808-CC-00298
                                                )      BLOUNT COUNTY CIRCUIT
                                                )
                Appellee,                       )      Hon. D. Kelly Thomas, Jr.,
                                                )      Judge
                                                )
                                                )
vs.                                             )      (SENTENCING)
                                                )      NO. C-10602, 10603
                                                )
THOMAS I. FREEMAN, JR.,                         )
                                                )
                Appellant.                      )


## JUDGMENT

Came the appellant, Thomas I. Freeman, Jr., represented by counsel and also came the attorney general on behalf of the State, and this case was heard on the record on appeal from the Circuit Court of Blount County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Circuit Court of Blount County for execution of the judgment of that court and for collection of costs accrued below.

In the event the defendant indicates an intention to file an application for permission to appeal to the Tennessee Supreme Court, he may be admitted to bail in the additional amount of $2,500.00, for a total bond amount of $12,500.00 with sufficient sureties to be approved by the clerk of the trial court pending filing and disposition of said application. In default of such bond, she shall be remanded to the custody of the Sheriff of Blount County.

It appears that the appellant is indigent. Costs of this appeal will be paid by the State of Tennessee.

**PER CURIAM**

Gary R. Wade, Judge
Norma M. Ogle, Judge
Cornelia A. Clark, Special Judge